# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MISTY COWART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0482-WS-B |
| | ) |
| GEICO INSURANCE COMPANY, | ) |
| | ) |
|     Defendant.[1] | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 5). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 5-1, 5-2, 7, 8), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

## BACKGROUND

This case began as a suit against Zachariah Cowart ("Zachariah") for damages the plaintiff suffered when Zachariah ran over her while driving her car, resulting in compound fractures of her left leg and ankle. The complaint asserted claims of negligence and wantonness and sought damages for medical expenses, lost wages, mental anguish (all past and future) and permanent physical disfigurement and impairment. (Doc. 1-2).

In October 2017, the plaintiff filed an amended complaint, eliminating Zachariah as a defendant and adding Geico. According to that pleading, the plaintiff had recently settled with Zachariah, his liability insurance carrier paying

---

[1] The defendant states that its correct name is Geico Casualty Company. (Doc. 1 at 1). A complaint cannot be amended by a defendant's assertion. The Court therefore utilizes the nomenclature of the amended complaint and will refer to the defendant as "Geico."

policy limits. The amended complaint seeks underinsured motorist benefits from Geico, the plaintiff's insurer. The amended complaint lists the plaintiff's damages similarly to the original complaint. No specific amount of damages is demanded. (Doc. 1-3).

Geico timely removed on the basis of diversity of citizenship. The parties agree that complete diversity exists,[2] but the plaintiff denies that Geico has carried its burden of showing that the amount in controversy at the time of removal exceeded $75,000, exclusive of interest and costs.

**DISCUSSION**

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[W]here jurisdiction is based on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotes omitted); *accord* 28 U.S.C. § 1446(c)(2)(B). Geico acknowledges its burden. (Doc. 1 at 3).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount. If the jurisdictional

---

[2] Zachariah and the plaintiff are both citizens of Alabama. (Doc. 1-2 at 1). However, Zachariah was dismissed from the action at 1:31 p.m. on October 31, 2017, (Doc. 1-5 at 178), with Geico then removing the case at 4:47 p.m. the same day. Thus, at the moment of removal, complete diversity existed.

2

amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Geico relies on the following to meet its burden: (1) its policy limits exceed $75,000[3]; (2) the plaintiff demanded payment of benefits under the policy; (3) the plaintiff characterized her injuries as life-threatening; (4) the amended complaint contains a laundry list of damages; and (5) medical records and deposition testimony reflect the extent of the plaintiff's injuries and medical treatment. (Doc. 1 at 3-5; Doc. 7 at 1-3).

That policy limits exceed $75,000 establishes that the amount in controversy *could* exceed that amount, but it says nothing about whether it *does* exceed that amount, for the simple reason that an insured plaintiff's damages in any given case may fall far short of her policy limits.

Had the plaintiff demanded policy limits, that would say a great deal about the amount in controversy, but she did not. Geico relies on the amended complaint's allegation that the plaintiff "has made demand upon GEICO for payment of benefits pursuant to her contract of automobile insurance." (Doc. 1-3 at 2). This language indicates a demand simply for the payment of such benefits as would make her whole, which begs the question of what that amount would be.[4]

Before addressing the remainder of Geico's arguments, it is necessary to recount the history of this action. As noted, the plaintiff's injuries were caused by Zachariah, and the plaintiff settled with him before suing Geico. That settlement

---

[3] Geico originally identified its policy limits as $100,000. (Doc. 1 at 3). Geico later asserted that the plaintiff could stack two policies, resulting in limits of $200,000. (Doc. 7 at 1).

[4] Geico relies on *Webb v. CUNA Mutual Group*, 2010 WL 366688 (S.D. Ala. 2010). *Webb* involved a suit for life insurance benefits, where the only relief possible is payment of the insured amount, such that a demand for policy benefits necessarily is a demand for policy limits. *Webb* has no application here.

3

involved payment of policy limits by Zachariah's insurer. Those limits, which the plaintiff received, were $100,000. (Doc. 5-1 at 2). The parties disagree regarding the impact of these facts on the amount in controversy. The plaintiff believes this payment reduced the amount in controversy by $100,000, pre-removal, from whatever it would have been but for the payment. (Doc. 5-1 at 2). Geico believes the payment is irrelevant to the amount in controversy at the moment of removal and that the payment can be considered only at the conclusion of the litigation, when it can demand a setoff of $100,000 against any verdict rendered against it. (Doc. 7 at 2 n.1).

The only relevant case cited by either side is *Reed v. State Farm Mutual Automobile Insurance Co.*, 2007 WL 2230586 (S.D. Ala. 2007). That case, though presented by Geico, supports the plaintiff's position. In *Reed*, the plaintiff sued the defendant for uninsured/underinsured motorist benefits. Only $50,000 in such benefits was available, but the defendant argued that $155,000 was in controversy because the plaintiff had received $105,000 in other insurance and so would have to prove $155,000 in damages in order to recover the $50,000. The Court ruled that, for purposes of determining the amount in controversy, what mattered was the amount of damages the plaintiff could recover, not the amount of damages he would have to prove in order to recover the lower amount. *Id*. at *2. "The portion that [the defendant and other insurers] have already paid is not in controversy for purposes of determining the jurisdictional amount in this action." *Id*. Geico itself offers and embraces this quotation. (Doc. 7 at 1).

The Court agrees that, under the circumstances presented here, the $100,000 settlement affects the amount in controversy. The plaintiff suffered damages from a single event as to which two others - Zachariah and Geico - could be required to provide compensation. Whatever those damages were, the amount remaining unpaid fell by $100,000 the instant Zachariah's insurer paid her that amount, prior to removal. The amount-in-controversy requirement addresses the

4

value of "the claim."[5] Geico has identified no reason to believe that, when it removed this action following payment, the plaintiff still claimed from Geico the same $100,000 she had already recovered from Zachariah.[6]

The balance of Geico's argument addresses the extent of the plaintiff's damages from the accident. Because the plaintiff does not seek recovery from Geico of the $100,000 she has already received from Zachariah's insurer, in order for more than $75,000 to remain in controversy as of removal, Geico must show by a preponderance of the evidence that the amount in controversy prior to that payment was over $175,000.

As noted, it may be apparent from the face of a complaint that the amount in controversy exceeds the jurisdictional threshold. *Williams*, 269 F.3d at 1319. The Court concludes that the amended complaint does not render it facially apparent that the amount in controversy prior to the settlement with Zachariah exceeded $175,000. *Cf. id.* at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).

Geico suggests it must be facially apparent from the amended complaint that the jurisdictional threshold is met because the plaintiff seeks such an extensive

---

[5] *E.g., McKinnon Motors, LLC*, 329 F.3d at 807.

[6] The Court is aware that a number of sister courts, especially in the Middle District of Florida, appear to take a different view. These decisions tend to focus on the fact that a setoff occurs post-removal, after trial. This is so, but the Court sees the key question not as when the removing defendant receives formal credit for a pre-removal settlement but as when the plaintiff abandons any claim to recover from the removing defendant the amount represented by that settlement. Geico's acquiescence in *Reed* obviates any more detailed assessment of these cases.

list of damages. (Doc. 7 at 2-3). The same, however, was also true in *Williams*. Geico points out that the amended complaint describes the plaintiff's injuries as "life-threatening," (*id*. at 2), which does distinguish this case from *Williams*; however, the amended complaint also identifies the plaintiff's injuries as compound fractures of her left leg and ankle, undercutting the allegation that her injuries were truly life-threatening.

This case also differs from *Williams* in that it was pending in state court for a year before being removed, and extensive discovery (including the plaintiff's deposition, written discovery of the plaintiff, and numerous subpoenas to third parties) was undertaken by Zachariah prior to removal - discovery conducted by the same counsel now representing Geico. (Doc. 1-5). Despite unusually ample opportunity to determine the scope of the plaintiff's damages prior to removal, Geico points to nothing indicating the plaintiff will experience future injury proximately caused by an accident that occurred over three years ago, nothing indicating she continues to experience significant pain and suffering, mental anguish or medical expenses, and nothing indicating her lost wages or her earning capacity. As to permanent impairment and permanent disfigurement, the plaintiff's injuries were to her left leg and ankle, and Geico points to nothing indicating she is immobilized, deformed or otherwise seriously impacted.

Other than unquantified lost income, the only hard damages claimed by the plaintiff are medical expenses, and Geico acquiesces in her assertion that these are below $25,000. (Doc. 5-1 at 3-4; Doc. 7 at 2). The only evidence identified by Geico to demonstrate that the plaintiff's soft damages exceed $150,000 consists of medical records that, according to Geico, show the plaintiff suffered a mid-shaft tibia fracture, a closed left medial malleolar fracture, an occult radial tear of the medial meniscus, and contusions and abrasions, resulting in two surgeries and multiple hospitalizations to treat resulting infections. (Doc. 7 at 2). No doubt the plaintiff experienced pain and suffering as well as mental anguish as a result, but

Geico offers no principled way of extrapolating that the dollar value of her experience exceeds the jurisdictional threshold.

In short, Geico has failed to sustain its burden of demonstrating by a preponderance of the evidence that the amount still in controversy at the time of removal exceeded $75,000, exclusive of interest and costs.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 1st day of February, 2018.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
